**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NORMAND BERGERON, Individually and On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>            v.<br><br>MAZOR ROBOTICS LTD., ORI HADOMI, ELIYAHU ZEHAVI, and SHARON LEVITA,<br><br>                        Defendants. | Case No.:<br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Normand Bergeron ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Mazor Robotics Ltd. ("Mazor" or the "Company"), with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Mazor; and (c) review of other publicly available information concerning Mazor.

## NATURE OF THE ACTION AND OVERVIEW

1.     This is a class action on behalf of persons and entities that acquired Mazor's securities between November 8, 2016, and June 8, 2017, inclusive (the "Class Period"), against the Defendants,[1] seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2.     Mazor is a medical device company that purportedly develops and markets innovative surgical guidance systems and complementary products.  The Company claims that its expertise is computerized and imaging-based systems, primarily in the field of spine surgery, and that its Surgical Guidance Systems enable surgeons to advance from freehand surgical procedures to accurate, pre-planned, state-of-the-art, precision guided procedures.

3.     On June 8, 2017, the Company disclosed that  that in May 2017, the Israeli Securities Authority (the "ISA") conducted a search at the offices of Mazor and questioned certain officers in connection with an investigation held by the ISA.

4.     On this news, the Company's American Depository Share ("ADS" or "share") price fell $3.70 per share, or 9.9%, to close at $33.67 per share on June 8, 2017.  The next day, the share price continued to decline, falling another $3.08 per share, or 9.1%, to close at $30.59 per share on June 9, 2017.

5.     Throughout the Class Period, Defendants made materially false and/or misleading

---

[1] "Defendants" refers to Mazor Robotics Ltd., Ori Hadomi, Eliyahu Zehavi, and Sharon Levita, collectively.

statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose: (1) that the Company was engaged in conduct that subjected it to ISA investigation; (2) that, as such the Company was exposed to potential liability; and (3) that, as a result of the foregoing, Defendants' statements about Mazor's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

6.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.      The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

9.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)).  Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District.  Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District.  In addition, the Company's shares trade in this Judicial District.

10.     In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

11.     Plaintiff Normand Bergeron, as set forth in the accompanying certification, incorporated by reference herein, purchased Mazor securities during the Class Period, and

suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

12.     Defendant Mazor Robotics Ltd. is organized under the laws of the State of Israel and its headquarters are in Caesarea, Israel.  Mazor's ADSs trade on the NASDAQ Stock Market ("NASDAQ") under the symbol "MZOR."

13.     Defendant Ori Hadomi ("Hadomi") was the Chief Executive Officer ("CEO") of Mazor at all relevant times.

14.     Defendant Eliyahu Zehavi ("Zehavi") was Co-Founder and Chief Operating Officer ("COO") at all relevant times.

15.     Defendant Sharon Levita ("Levita") was the Chief Financial Officer ("CFO") of Mazor at all relevant times.

16.     Defendants Hadomi, Zehavi, and Levita (collectively the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of Mazor's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, *i.e.*, the market.   The Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected.  Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading.  The Individual Defendants are liable for the false statements pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

17.     Mazor is a medical device company that purportedly develops and markets innovative surgical guidance systems and complementary products.  The Company claims that its expertise is computerized and imaging-based systems, primarily in the field of spine surgery,

and that its Surgical Guidance Systems enable surgeons to advance from freehand surgical procedures to accurate, pre-planned, state-of-the-art, precision guided procedures.

**Materially False and Misleading**
**Statements Issued During the Class Period**

18.     The Class Period begins on November 8, 2016.  On that day, the Company issued a press release entitled "Mazor Robotics Reports Third Quarter Financial Results."  Therein, the Company, in relevant part, stated:

> **CAESAREA, Israel–(BUSINESS WIRE)– Mazor Robotics Ltd. (TASE: MZOR; NASDAQGM: MZOR)**, a pioneer and a leader in the field of surgical guidance systems, reported results for the third quarter ended September 30, 2016. As previously announced, Mazor received orders for a record 25 systems in the third quarter, including 15 orders from Medtronic and three additional pre-launch orders for the Mazor X system. Apart from these Mazor X orders, the Company also received purchase orders for seven Renaissance systems, with four in the U.S. and three internationally through its distribution partners in Germany, Australia and Thailand.
>
> **THIRD QUARTER HIGHLIGHTS**
>
> > Unveiled Mazor X, a transformative surgical assurance platform to enhance predictability of spine surgeries for the benefit of patients and those                    who                    treat                    them.
> >
> > Received three pre-launch orders for the Mazor X system from U.S. customers.
> >
> > Completed the second equity investment tranche totaling $20 million from Medtronic.
>
> **RECENT OPERATING AND FINANCIAL ACHIEVEMENTS**
>
> Commercially launched the Mazor X system on October 26th at the North American Spine Society (NASS) annual meeting.
>
> A major regional institution in the northeast placed an order for three Mazor X systems.
>
> "This was a strong quarter for Mazor as we received purchase orders for 25 surgical guidance systems, a new record and nearly equivalent to the number of systems ordered in all of 2015," commented Ori Hadomi, Chief Executive Officer. "Our continued momentum in the second half of 2016 is being driven mainly by two of our significant achievements – the strategic agreement signed in May with Medtronic and the unveiling of the Mazor X system in July. In addition,

to date, we have received orders for six systems in the fourth quarter, including five Mazor X orders. This momentum combined with the strong interest we are experiencing for our products, clearly position us to maintain market leadership in surgical guidance spine surgeries."

**THIRD QUARTER 2016 FINANCIAL RESULTS ON IFRS BASIS ("GAAP")**

Revenue for the three months ended September 30, 2016 increased 52% to $7.6 million compared to $5.0 million in the 2015 third quarter. U.S. generated revenue was $5.7 million compared to $4.3 million in the 2015 third quarter due to recognition of 6 systems sold during the quarter, including three Mazor X systems sold to Medtronic, the Company's strategic partner, compared to 3 systems sold in the 2015 third quarter. During the third quarter the Company received orders for and delivered four Renaissance systems in the U.S. However, due to the Company's policy enabling new customers of the Renaissance system to exchange for the Mazor X, revenue was recognized for only two of these Renaissance systems. Revenue from the remaining systems is deferred until the Mazor X orders are supplied or the exchange option expires. The Company also received orders for 18 Mazor X systems, which include the 15 Mazor X systems ordered by Medtronic. Of these, four Mazor X were delivered in the third quarter. As previously disclosed, the three pre-launch Mazor X orders received in the third quarter are expected to be delivered to customers by the end of the 2017 first quarter, at which time the revenue will be recognized.

International revenue was $1.9 million compared to $0.7 million in the third quarter of 2015. The Company received orders for three Renaissance systems from its international distributors in Germany, Australia and Thailand. The Company also recognized revenue from a system delivered to its distribution partner in China, part of a multi system order received in the second quarter of 2016. In total, four systems were recognized in the international market during third quarter of 2016, compared to no system sales in the 2015 third quarter.

Recurring revenue from system kit sales, service and others increased to $4.3 million in the third quarter of 2016, representing a 30% increase compared to $3.3 million in the third quarter of 2015. The increase in recurring revenues is mainly from the increase in the installed base.

The Company's gross margin for the three months ended September 30, 2016 was 65.7% compared to 75.9% in the third quarter of 2015, primarily reflecting the discounted pricing for the Mazor X systems delivered to Medtronic and the recent Renaissance price adjustment to support the Mazor X launch.

Total operating expenses in the third quarter of 2016 were $10.6 million compared to $8.9 million in the third quarter of 2015, mainly reflecting increased investment in sales and marketing efforts and reduced by capitalized research and development costs of $1.3 million dollars. Operating loss was $5.6 million compared to an operating loss of $5.1 million in the year-ago third quarter. Net

loss for the third quarter of 2016 was $5.2 million, or $0.11 per share, compared to a net loss of $5.2 million, or $0.12 per share, in the year-ago third quarter.

Cash used in operating activities was $4.6 million compared to $2.6 million used in last year's third quarter due to higher operating expense. As of September 30, 2016, cash, cash equivalents and investments totaled $64.3 million.

**THIRD QUARTER 2016 FINANCIAL RESULTS ON NON-GAAP BASIS**

The tables below include reconciliation of the Company's GAAP results to non-GAAP results. The reconciliation relates to non-cash expense in the net amount of $0.4 million with respect to share-based payments and to research and development capitalization in the third quarter of 2016. On a non-GAAP basis, the net loss in the third quarter of 2016 was $4.9 million, or $0.11 per share, compared to $4.2 million, or $0.10 per share, for the third quarter of 2015.

**NINE MONTHS ENDED SEPTEMBER 30, 2016 FINANCIAL RESULTS ON IFRS BASIS ("GAAP")**

For the nine months ended September 30, 2016, revenue increased 29.0% and totaled $22.3 million compared to $17.3 million for the nine months ended September 30, 2015. This increase is due to higher system sales and an increase in recurring revenue. Recurring revenue totaled $12.3 million, an increase of 34% compared to $9.2 million in the nine months ended September 30, 2015. The growth in recurring revenue is attributed to the increased utilization of the Company's Renaissance system, mainly in the U.S. Gross margin for the nine months ended September 30, 2016 was 72.3% compared with 77.5% in the nine months ended September 30, 2015. Net loss for the nine months ended September 30, 2016 was $14.4 million compared to $12.5 million in the first nine months of 2015.

**NINE MONTHS ENDED SEPTEMBER 30, 2016 FINANCIAL RESULTS ON NON-GAAP BASIS**

On a non-GAAP basis, the net loss for the first nine months of 2016 was $12.9 million, or $0.29 per share, compared to a net loss of $10.2 million, or $0.24 per share, in the first nine months of 2015.

19.     On February 16, 2017, Company issued a press release entitled "Mazor Robotics Reports Record Fourth Quarter and Full Year 2016 Results."  Therein, the Company, in relevant part, stated:

CAESAREA, Israel – February 16, 2017 – Mazor Robotics Ltd. (TASE: MZOR; NASDAQGM: MZOR), a pioneer and a leader in the field of surgical guidance systems, reported record revenue for the fourth quarter and full year ended December 31, 2016. As previously announced, the Company received purchase orders for 21 systems in the fourth quarter and ended the year with a backlog of

21 systems, including 18 Mazor X systems, its transformative platform for spine surgeries, which was commercially launched in October.

"Our record performance in the fourth quarter and success throughout the year reinforces 2016 as a strategic turning point for the Company," commented Ori Hadomi, Chief Executive Officer.  "We have greatly enhanced our leadership position in the spine market with the implementation of the Medtronic co-marketing and co-promotional agreement and the launch of the transformational Mazor X system.  While our systems order growth is impressive, our high utilization rate and recurring revenue growth illustrates the benefits Mazor is bringing to both surgeon and patient. With a strong backlog, we enter 2017 with momentum to continue our growth.

**FOURTH QUARTER 2016 FINANCIAL RESULTS ON IFRS BASIS ("GAAP")**

Revenue for the three months ended December 31, 2016 increased 59% to $14.0 million compared to $8.8 million in the year-ago fourth quarter. U.S. revenue increased 88% to $12.6 million compared to $6.7 million in the year-ago fourth quarter, as the Company recognized revenue from 13 Mazor X and two Renaissance systems, compared to ten Renaissance systems in the year-ago fourth quarter. The Company ended the quarter with a backlog of 21 systems; revenue from these systems is expected to be recorded in 2017, generally, when the systems are supplied. International revenue was $1.4 million compared to $2.1 million in the year-ago fourth quarter, as the Company recognized revenue from three Renaissance systems, compared to four Renaissance systems in the year-ago fourth quarter. Recurring revenue from system kit sales, services and other increased 29% to $4.5 million in the fourth quarter of 2016, compared to $3.5 million in the year-ago fourth quarter. The increase is attributed to high utilization rates and increase of the install base.

The Company's gross margin for the three months ended December 31, 2016 was 70.5% compared to 78.0% in the year-ago fourth quarter. The decrease is attributed mainly to discounted price to our distribution partner, Medtronic, and the higher manufacturing costs of the Mazor X, compared to the Renaissance system. Total operating expenses were $14.2 million compared to $9.8 million in the year-ago fourth quarter, primarily reflecting the Company's increased investments in sales and marketing activities. Operating loss was $4.3 million compared to an operating loss of $2.9 million in the year-ago fourth quarter. Net loss for the fourth quarter of 2016 was $4.3 million, or $0.09 per share, compared to a net loss of $2.9 million, or $0.07 per share, for the year-ago fourth quarter.

Cash used in operating activities was $1.9 million compared to $4.3 million used in last year's fourth quarter. The decrease is mainly due to high collection from customers, offset by higher payments to suppliers. As of December 31, 2016, cash, cash equivalents and investments totaled $61.8 million.

**FOURTH QUARTER 2016 FINANCIAL RESULTS ON NON-GAAP**

**BASIS**

The tables below include reconciliation of the Company's GAAP results to non-GAAP results. The reconciliation relates to non-cash expenses in the amount of $1.1 million with respect to amortization of intangible assets and to share-based expenses recorded in the fourth quarter of 2016. On a non-GAAP basis, the net loss in the fourth quarter of 2016 was $3.1 million, or $0.07 per share, compared to $2.1 million, or $0.05 per share, for the year-ago fourth quarter.

**FULL YEAR ENDED DECEMBER 31, 2016 FINANCIAL RESULTS ON IFRS BASIS ("GAAP")**

For the full year ended December 31, 2016, revenue increased 39% to $36.4 million compared to $26.1 million for the full year ended December 31, 2015. U.S. revenue increased 51% to $30.7 million compared to $20.3 million in the full year ended December 31, 2015, as the Company recognized revenue from 30 systems, compared to 16 systems in the full year ended December 31, 2015. International revenue was $5.7 million compared to $5.8 million in the full year ended December 31, 2015, as the Company recognized revenue from 11 Renaissance systems, compared to eight Renaissance systems in the full year ended December 31, 2015. Recurring revenue totaled $16.8 million compared to $12.7 million for the full year ended December 31, 2015. The growth in recurring revenue is attributed to the increase of the install base of the Company's Renaissance system in the U.S. and globally.

Gross margin for the full year ended December 31, 2016 was 71.6% compared to 77.7% for the full year ended December 31, 2015. The decrease is mainly attributed to the discounted price to our distribution partner, the lower price of Renaissance (effective Q3 2016) and the higher manufacturing costs of the Mazor X, compared to the Renaissance system. Total operating expenses were $45.1 million compared to $35.6 million in the full year ended December 31, 2015, primarily reflecting the Company's increased investments in sales and marketing activities. Operating loss was $19.0 million compared to an operating loss of $15.3 million in the full year ended December 31, 2015. Net loss for the full year ended December 31, 2016 was $18.7 million, or $0.42 per share, compared to $15.4 million, or $0.36 per share for the full year ended December 31, 2015.

Cash used in operating activities was $10.1 million compared to $11.6 million used in the full year ended December 31, 2015. The decrease is mainly due to high collection from customers.

**FULL YEAR ENDED DECEMBER 31, 2016 FINANCIAL RESULTS ON NON-GAAP BASIS**

The tables below include reconciliation of the Company's GAAP results to non-GAAP results. The reconciliation relates to non-cash expenses in the amount of $2.6 million with respect to capitalization of research and development costs, amortization of intangible assets and to share-based expenses recorded in 2016.

On a non-GAAP basis, the net loss for the full year ended December 31, 2016 was $16.1 million, or $0.36 per share, compared to a net loss of $12.3 million, or $0.29 per share, for the full year ended December 31, 2015.

20.     On April 5, 2017, the Company issued a press release entitled "Mazor Robotics Expects to Report Record First Quarter Revenue of Approximately $11.5 Million; Received PO for Six Mazor X Systems."  Therein, the Company, in relevant part, stated:

CAESAREA, Israel–(BUSINESS WIRE)– Mazor Robotics Ltd. (TASE: MZOR; NASDAQGM: MZOR), a pioneer and a leader in the field of surgical guidance systems, announced today that driven by the strength in Mazor X system sales and increased procedure volume, the Company expects to report record first quarter revenue of approximately $11.5 million. During the first quarter the Company received purchase orders for six Mazor X systems in the U.S., including two trade-in orders from customers who had previously purchased Renaissance systems. In addition, it received a purchase order for a Renaissance brain module upgrade in the international market. In the year-ago first quarter, the Company reported revenue of $6.4 million and received purchase orders for five Renaissance systems.

"The launch of the Mazor X and the rollout of this advanced surgical platform is progressing as planned and to our satisfaction. The first quarter's results bring the total number of Mazor X systems orders since we began its sale in the second half of 2016 to 40 systems. Additionally, systems have been installed at numerous key sites across the U.S. and have been used clinically in dozens of patient procedures in 2017," commented Ori Hadomi, Chief Executive Officer. "Our commercial partnership is yielding increased penetration into the U.S. market which leads us to be increasingly optimistic about our growth opportunities in 2017."

Mazor ended the first quarter with a backlog of 14 Mazor X systems and the Company expects to deliver these systems in 2017. The Company ended 2016 with a total order backlog of 21 Mazor X systems. The Company will report its financial results for the first quarter ended March 31, 2017 in May and will issue a press release with the date, time, dial-in credentials and webcast details.

21.     The above statements identified in ¶¶18-20 were materially false and/or misleading, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose: (1) that the Company was engaged in conduct that subjected it to ISA investigation; (2) that, as such the Company was exposed to potential liability; and (3) that, as a result of the foregoing, Defendants' statements about Mazor's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

<u>**Disclosures at the End of the Class Period**</u>

22.     On June 8, 2017, the Company disclosed that  that in May 2017, the ISA conducted a search at the offices of Mazor and questioned certain officers in connection with an investigation held by the ISA.  In greater part, the Company stated:

> On June 8, 2017, Mazor Robotics Ltd. ("Mazor") announced that in May 2017, the Israeli Securities Authority (the "ISA") conducted a search at the offices of Mazor and also questioned certain officers in connection with an investigation held by the ISA.
>
> Mazor has not been informed as to the subject matter of the investigation, nor has it been charged with any wrongdoing. Mazor is cooperating fully with the ISA.

23.     On this news, the Company's ADS price fell $3.70 per share, or 9.9%, to close at $33.67 per share on June 8, 2017.  The next day, the share price continued to decline, falling another $3.08 per share, or 9.1%, to close at $30.59 per share on June 9, 2017.

**CLASS ACTION ALLEGATIONS**

24.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that acquired Mazor's securities between November 8, 2016, and June 8, 2017, inclusive, and who were damaged thereby (the "Class").  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

25.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Mazor's shares actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class.  Millions of Mazor shares were traded publicly during the Class Period on the NASDAQ.  As of April 27, 2017, Mazor had 48,092,933 ordinary shares outstanding.  Record owners and other members of the Class may be identified from records maintained by Mazor or its transfer agent and may be notified of the pendency of this

action by mail, using the form of notice similar to that customarily used in securities class actions.

26.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

27.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

28.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)     whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Mazor; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

29.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## UNDISCLOSED ADVERSE FACTS

30.     The market for Mazor's securities was open, well-developed and efficient at all relevant times.  As a result of these materially false and/or misleading statements, and/or failures to disclose, Mazor's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Mazor's securities

relying upon the integrity of the market price of the Company's securities and market information relating to Mazor, and have been damaged thereby.

31.    During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Mazor's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading.  The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about Mazor's business, operations, and prospects as alleged herein.

32.    At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Mazor's financial well-being and prospects.  These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## LOSS CAUSATION

33.    Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

34.    During the Class Period, Plaintiff and the Class purchased Mazor's securities at artificially inflated prices and were damaged thereby.  The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

35.     As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws.  As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding Mazor, their control over, and/or receipt and/or modification of Mazor's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Mazor, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## (FRAUD-ON-THE-MARKET DOCTRINE)

36.     The market for Mazor's securities was open, well-developed and efficient at all relevant times.  As a result of the materially false and/or misleading statements and/or failures to disclose, Mazor's securities traded at artificially inflated prices during the Class Period.  On May 19, 2017, the Company's share price closed at a Class Period high of $42.95.  Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Mazor's securities and market information relating to Mazor, and have been damaged thereby.

37.     During the Class Period, the artificial inflation of Mazor's shares were caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Mazor's business, prospects, and operations.  These material misstatements and/or omissions created an unrealistically positive assessment of Mazor and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the

Company's shares.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

38.     At all relevant times, the market for Mazor's securities was an efficient market for the following reasons, among others:

(a)     Mazor ADSs met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)     As a regulated issuer, Mazor filed periodic public reports with the SEC and/or the NASDAQ;

(c)     Mazor regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)     Mazor was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms.  Each of these reports was publicly available and entered the public marketplace.

39.     As a result of the foregoing, the market for Mazor's securities promptly digested current information regarding Mazor from all publicly available sources and reflected such information in Mazor's share price. Under these circumstances, all purchasers of Mazor's securities during the Class Period suffered similar injury through their purchase of Mazor's securities at artificially inflated prices and a presumption of reliance applies.

40.     A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions.  Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is

not a prerequisite to recovery.  All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions.  Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## NO SAFE HARBOR

41.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Mazor who knew that the statement was false when made.

## FIRST CLAIM
### Violation of Section 10(b) of The Exchange Act and
### Rule 10b-5 Promulgated Thereunder
### Against All Defendants

42.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

43.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Mazor's securities at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each

defendant, took the actions set forth herein.

44.     Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Mazor's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5.  All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

45.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Mazor's financial well-being and prospects, as specified herein.

46.     Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Mazor's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Mazor and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

47.     Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans,

projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

48.     Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Mazor's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

49.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Mazor's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Mazor's securities during the Class Period at artificially high prices and were damaged thereby.

50.     At the time of said misrepresentations and/or omissions, Plaintiff and other

members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Mazor was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Mazor securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

51.     By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

52.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

<u>**SECOND CLAIM**</u>
**<u>Violation of Section 20(a) of The Exchange Act</u>**
**<u>Against the Individual Defendants</u>**

53.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

54.     Individual Defendants acted as controlling persons of Mazor within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

55.     In particular, Individual Defendants had direct and supervisory involvement in the

day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

56.     As set forth above, Mazor and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.


Dated:  June 9, 2017                    **GLANCY PRONGAY & MURRAY LLP**

                                        By: *s/ Lesley F. Portnoy*
                                        Lesley F. Portnoy (LP-1941)
                                        230 Park Ave, Suite 530
                                        New York, NY 10169
                                        Telephone: (212) 682-5340
                                        Facsimile: (212) 884-0988
                                        lportnoy@glancylaw.com

-and-

Lionel Z. Glancy
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Plaintiff*

# GLANCY PRONGAY & MURRAY LLP

**SWORN CERTIFICATION OF PLAINTIFF**
**Mazor Robotics Ltd. Securities Litigation**

I, Normand Bergeron, certify that:

1. I have reviewed the Complaint and authorize its filing and/or the filing of a Lead Plaintiff motion on my behalf.

2. I did not purchase Mazor Robotics Ltd., the security that is the subject of this action, at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3. I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4. My transactions in Mazor Robotics Ltd. during the Class Period set forth in the Complaint are attached in Exhibit A.

5. I have not served as a representative party on behalf of a class under this title during the last three years, except as follows:

6. I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court, including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing are true and correct statements.

Date: June 8 2017

[REDACTED]

I am NOT a current or former employee of Mazor Robotics Ltd.
RETURN TO:
Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

**EXHIBIT A**

## Purchases

| Number of Shares | Date | Price ($) |
|---|---|---|
| 50 | May 9, 2017 | 40.7000000000 |

## Sales

| Number of Shares | Date | Price ($) |
|---|---|---|